1   JEFFER MANGELS BUTLER & MITCHELL LLP
    MARTIN H. ORLICK, SBN. 083908, mho@jmbm.com
2   MATTHEW S. KENEFICK, SBN. 227298, msk@jmbm.com
    STUART K. TUBIS, SBN. 278278, skt@jmbm.com
3   Two Embarcadero Center, Fifth Floor
    San Francisco, California  94111-3824
4   Telephone:    (415) 398-8080
    Facsimile:     (415) 398-5584
5
    Attorneys for Defendants Southern Pacpizza, LLC and J. Larry
6   Fugate, Trustee of the J. Larry Fugate Revocable Trust dated
    March 25, 2010
7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11   MARTIN VOGEL,                          CASE NO.     5:15-cv-00793-SJO (Ex)

12          Plaintiff,                       **ANSWER OF DEFENDANTS OF
                                             PLAINTIFF'S COMPLAINT**
13   v.

14   SOUTHERN PACPIZZA, LLC dba PIZZA
     HUT #029202; J. LARRY FUGATE,
15   TRUSTEE of the J. LARRY FUGATE
     REVOCABLE TRUST DATED MARCH 25,
16   2010,                                   Complaint filed: April 22, 2015

17          Defendants.

18

19          Defendants Southern Pacpizza, LLC and J. Larry Fugate, Trustee of the J. Larry

20   Fugate Revocable Trust Dated March 15, 2010 (collectively, "**Defendants**"), for themselves and no

21   other party, hereby answer the Complaint ("**Complaint**") filed by Plaintiff Martin Vogel

22   ("**Plaintiff**") as follows.  Defendants reserve the right to amend, add, or strike affirmative defenses

23   as discovery ensues or for any other reason.

24                              **I.  SUMMARY**

25          1.    In answer to Paragraph 1 of the Complaint, Defendants acknowledge that Plaintiff filed

26   the instant lawsuit for alleged discrimination under the Americans with Disabilities Act ("**ADA**") at

27   the business known as Pizza Hut located at 12183 Hesperia Road, Victorville, CA 92395 ("**Subject**

28   **Property**").

JMBM   Jeffer Mangels
       Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

1    2.    In answer to Paragraph 2 of the Complaint, Defendants admit only that Plaintiff seeks

2    various forms of relief in the Complaint but deny that Plaintiff is entitled to any such relief.

3    Defendants deny the remaining allegations of said paragraph and deny that they discriminated

4    against Plaintiff in any way.

5                                   **II.   JURISDICTION**

6    3.    In answer to Paragraph 3 of the Complaint, Defendants admit only that that subject

7    matter jurisdiction appears to be appropriate at this point in time as to claims for violation of the

8    ADA but not as to claims for violation of California State laws.  Defendants further allege that upon

9    resolution of Plaintiff's claims for injunctive relief that this Court's jurisdiction over this lawsuit

10   will be divested.  Defendants deny the remaining allegations of said paragraph.

11   4.    In answer to Paragraph 4 of the Complaint, Defendants deny that jurisdiction over

12   Plaintiff's state law claims is proper and assert that this Court should dismiss all claims and the

13   action.

14   5.    In answer to Paragraph 5 of the Complaint, Defendants admit only that Plaintiff's

15   claims are pursued under 28 U.S.C. §§ 2201 and 2202.

16                                   **III.  VENUE**

17   6.    In answer to Paragraph 6 of the Complaint, Defendants admit that venue in this Court

18   appears to be appropriate at this time pursuant to 28 U.S.C. § 1391(b), (c).

19                                   **IV.  PARTIES**

20   7.    In answer to Paragraph 7 of the Complaint, Defendants admit only that they own, lease

21   or operate a place of public accommodation located on portions of the Subject Property.

22   Defendants deny the remaining allegations of said paragraph.

23   8.    In answer to Paragraph 8 of the Complaint, Defendants lack knowledge or information

24   sufficient to form a belief as to the truth or falsity of Plaintiff's claims and on that basis deny the

25   same.

26                                   **V.   FACTS**

27   9.    In answer to Paragraph 9 of the Complaint, Defendants admit only that they own, lease

28   or operate a place of public accommodation located on portions of the Subject Property.

PRINTED ON
RECYCLED PAPER

JMBM  Jeffer Mangels Butler & Mitchell LLP

1   Defendants deny the remaining allegations of said paragraph.

2           10.   In answer to Paragraph 10 of the Complaint, Defendants deny the allegations of said

3   paragraph, including all subsections.

4           11.   In answer to Paragraph 11 of the Complaint, Defendants deny the allegations of said

5   paragraph.

6           12.   In answer to Paragraph 12 of the Complaint, Defendants deny the allegations of said

7   paragraph.

8           13.   In answer to Paragraph 13 of the Complaint, Defendants deny the allegations of said

9   paragraph.

10           14.   In answer to Paragraph 14 of the Complaint, Defendants deny the allegations of said

11   paragraph.

12           WHEREFORE, Defendants pray for judgment as hereinafter set forth.

13   **VI.   FIRST CLAIM**

14   **AMERICANS WITH DISABILITIES ACT OF 1990**

15   Denial of "Full and Equal" Enjoyment and Use

16           15.   In answer to Paragraph 15 of the Complaint, Defendants hereby incorporate by

17   reference each admission, denial, and each denial on information and belief, as well as all

18   explanations regarding those allegations, made in response to all previous paragraphs as though

19   fully set forth herein.

20           16.   In answer to Paragraph 16 of the Complaint, Defendants state the averments are

21   conclusions of law which require no responsive pleading under the Federal Rules of Civil

22   Procedure. To the extent a response is deemed necessary, Defendants deny the averments of said

23   paragraph.

24           17.   In answer to Paragraph 17 of the Complaint, Defendants deny the allegations of said

25   paragraph.

26           18.   In answer to Paragraph 18 of the Complaint, Defendants state the averments are

27   conclusions of law which require no responsive pleading under the Federal Rules of Civil

28   Procedure.  To the extent a response is deemed necessary, Defendants deny the averments of said

JMBM | Jeffer Mangels Butler & Mitchell LLP

ANSWER TO COMPLAINT
CASE No. 5:15-cv-00793-SJO (Ex)

1   paragraph.

2       19.   In answer to Paragraph 19 of the Complaint, Defendants state the averments are

3   conclusions of law which require no responsive pleading under the Federal Rules of Civil

4   Procedure.  To the extent a response is deemed necessary, Defendants deny the averments of said

5   paragraph.

6       20.   In answer to Paragraph 20 of the Complaint, Defendants deny the allegations of said

7   paragraph.

8       21.   In answer to Paragraph 21 of the Complaint, Defendants deny the allegations of said

9   paragraph.

10      22.   In answer to Paragraph 22 of the Complaint, Defendants lack knowledge or information

11  sufficient to form a belief as to the truth or falsity of Plaintiff's claims and on that basis deny the

12  same.

13      23.   In answer to Paragraph 23 of the Complaint, Defendants state the averments are

14  conclusions of law which require no responsive pleading under the Federal Rules of Civil

15  Procedure.  To the extent a response is deemed necessary, Defendants deny the averments of said

16  paragraph.

17      24.   In answer to Paragraph 24 of the Complaint, Defendants deny the allegations of said

18  paragraph.

19      25.   In answer to Paragraph 25 of the Complaint, Defendants deny the allegations of said

20  paragraph.

21      26.   In answer to Paragraph 26 of the Complaint, Defendants state the averments are

22  conclusions of law which require no responsive pleading under the Federal Rules of Civil

23  Procedure.  To the extent a response is deemed necessary, Defendants deny the averments of said

24  paragraph.

25      27.   In answer to Paragraph 27 of the Complaint, Defendants deny the allegations of said

26  paragraph.

27      28.   In answer to Paragraph 28 of the Complaint, Defendants state the averments are

28  conclusions of law which require no responsive pleading under the Federal Rules of Civil

JMBM | Jeffer Mangels
Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

ANSWER TO COMPLAINT
CASE No. 5:15-cv-00793-SJO (Ex)

1   Procedure. To the extent a response is deemed necessary, Defendants deny the averments of said

2   paragraph.

3       29.   In answer to Paragraph 29 of the Complaint, Defendants deny the allegations of said

4   paragraph.

5       30.   In answer to Paragraph 30 of the Complaint, Defendants admit that Plaintiff seeks

6   various forms of relief in the Complaint but deny that Plaintiff is entitled to any such relief.

7   Defendants deny the remaining allegations of said paragraph.

8       31.   In answer to Paragraph 31 of the Complaint, Defendants admit that Plaintiff seeks

9   various forms of relief in the Complaint but deny that Plaintiff is entitled to any such relief.

10  Defendants deny the remaining allegations of said paragraph.

11      WHEREFORE, Defendants pray for judgment as hereinafter set forth.

12  **VII.   SECOND CLAIM**

13  **DISABLED PERSONS ACT**

14      32.   In answer to Paragraph 32 of the Complaint, Defendants hereby incorporate by

15  reference each admission, denial, and each denial on information and belief, as well as all

16  explanations regarding those allegations, made in response to all previous paragraphs as though

17  fully set forth herein.

18      33.   In answer to Paragraph 33 of the Complaint, Defendants state the averments are

19  conclusions of law which require no responsive pleading under the Federal Rules of Civil

20  Procedure. To the extent a response is deemed necessary, Defendants deny the averments of said

21  paragraph.

22      34.   In answer to Paragraph 34 of the Complaint, Defendants state the averments are

23  conclusions of law which require no responsive pleading under the Federal Rules of Civil

24  Procedure. To the extent a response is deemed necessary, Defendants deny the averments of said

25  paragraph.

26      35.   In answer to Paragraph 35 of the Complaint, Defendants state the averments are

27  conclusions of law which require no responsive pleading under the Federal Rules of Civil

28  Procedure. To the extent a response is deemed necessary, Defendants deny the averments of said

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1 | paragraph.

2 | 36.  In answer to Paragraph 36 of the Complaint, Defendants deny the allegations of said

3 | paragraph.

4 | 37.  In answer to Paragraph 37 of the Complaint, Defendants admit that Plaintiff seeks

5 | various forms of relief in the Complaint but deny that Plaintiff is entitled to any such relief.

6 | Defendants deny the remaining allegations of said paragraph.

7 | 38.  In answer to Paragraph 38 of the Complaint, Defendants admit that Plaintiff seeks

8 | various forms of relief in the Complaint but deny that Plaintiff is entitled to any such relief.

9 | Defendants deny the remaining allegations of said paragraph.

10 | WHEREFORE, Defendants pray for judgment as hereinafter set forth.

11 | ## VIII.  THIRD CLAIM

12 | ## UNRUH CIVIL RIGHTS ACT

13 | 39.  In answer to Paragraph 39 of the Complaint, Defendants hereby incorporate by

14 | reference each admission, denial, and each denial on information and belief, as well as all

15 | explanations regarding those allegations, made in response to all previous paragraphs as though

16 | fully set forth herein.

17 | 40.  In answer to Paragraph 40 of the Complaint, Defendants state the averments are

18 | conclusions of law which require no responsive pleading under the Federal Rules of Civil

19 | Procedure.  To the extent a response is deemed necessary, Defendants deny the averments of said

20 | paragraph.

21 | 41.  In answer to Paragraph 41 of the Complaint, Defendants state the averments are

22 | conclusions of law which require no responsive pleading under the Federal Rules of Civil

23 | Procedure.  To the extent a response is deemed necessary, Defendants deny the averments of said

24 | paragraph.

25 | 42.  In answer to Paragraph 42 of the Complaint, Defendants state the averments are

26 | conclusions of law which require no responsive pleading under the Federal Rules of Civil

27 | Procedure. To the extent a response is deemed necessary, Defendants deny the averments of said

28 | paragraph.

JMBM | Jeffer Mangels Butler & Mitchell LLP

ANSWER TO COMPLAINT
CASE No. 5:15-cv-00793-SJO (Ex)

1    43.   In answer to Paragraph 43 of the Complaint, Defendants deny the allegations of said

2    paragraph.

3    44.   In answer to Paragraph 44 of the Complaint, Defendants deny the allegations of said

4    paragraph.

5    45.   In answer to Paragraph 45 of the Complaint, Defendants admit that Plaintiff seeks

6    various forms of relief in the Complaint but deny that Plaintiff is entitled to any such relief.

7    Defendants deny the remaining allegations of said paragraph.

8    46.   In answer to Paragraph 46 of the Complaint, Defendants admit that Plaintiff seeks

9    various forms of relief in the Complaint but deny that Plaintiff is entitled to any such relief.

10   Defendants deny the remaining allegations of said paragraph.

11   WHEREFORE, Defendants pray for judgment as hereinafter set forth.

12   ## IX.   FOURTH CLAIM

13   ## DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES

14   47.   In answer to Paragraph 47 of the Complaint, Defendants hereby incorporate by

15   reference each admission, denial, and each denial on information and belief, as well as all

16   explanations regarding those allegations, made in response to all previous paragraphs as though

17   fully set forth herein.

18   48.   In answer to Paragraph 48 of the Complaint, Defendants state the averments are

19   conclusions of law which require no responsive pleading under the Federal Rules of Civil

20   Procedure.  To the extent a response is deemed necessary, Defendants deny the averments of said

21   paragraph.

22   49.   In answer to Paragraph 49 of the Complaint, Defendants state the averments are

23   conclusions of law which require no responsive pleading under the Federal Rules of Civil

24   Procedure.  To the extent a response is deemed necessary, Defendants deny the averments of said

25   paragraph.

26   50.   In answer to Paragraph 50 of the Complaint, Defendants deny the allegations of said

27   paragraph.

28   51.   In answer to Paragraph 51 of the Complaint, Defendants admit that Plaintiff seeks

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    various forms of relief in the Complaint but deny that Plaintiff is entitled to any such relief.

2    Defendants deny the remaining allegations of said paragraph.

3         52.   Defendants deny Plaintiff's entitlement to the relief sought in the Complaint's

4    "Wherefore" clause.

5         53.   Any allegations not specifically admitted herein shall be deemed denied.

6         WHEREFORE, Defendants pray for judgment as hereinafter set forth.

7    ## AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF

8    ## FIRST AFFIRMATIVE DEFENSE

9    ### (STATUTE OF LIMITATIONS)

10        1.    Defendants allege, upon information and belief, that the Complaint as a whole, and

11   each claim for relief asserted therein, is barred by the expiration of the applicable statutes of

12   limitations. *Daingerfield Island Protective Society v. Babbitt* 40 F.3d 442,445 (D.C. CR. 1994).

13   Plaintiff does not sufficiently allege when he visited the Subject Property and that all alleged visits

14   complained of fall within the period of time that is not excluded by the applicable statutes of

15   limitations or within the time period when Defendants owned or operated the subject facility. *See*

16   *Kohler v. Bed Bath & Beyond,* No. CV 11-4451 RSWL (SPx), 2012 WL 424377 (C.D. Cal. Feb. 8,

17   2012); *Rush v. Abercombie,* 8:12-cv-00604-CJC-MLG (Dkt.108) (C.D. Cal. Jul. 6, 2012).

18   ## SECOND AFFIRMATIVE DEFENSE

19   ### (REASONABLE PORTION OF FACILITY ACCESSIBLE)

20        2.    Defendants allege, upon information and belief, that the Subject Property does not

21   violate any codes, laws, regulations or provisions alleged in Plaintiff's Complaint by reason that a

22   reasonable portion of the facility and accommodations normally sought and used by the public are

23   accessible to and useable by persons with disabilities, including the parking lot and restroom areas

24   of the Subject Property.  *See* ADAAG § 2.3 (equivalent access) and 28 C.F.R. 36.402 (readily

25   accessible to the maximum extent feasible). *See Cherry v. City College of San Francisco,* 2006 WL

26   6602454, at *5-6 (N.D. Cal. January 12, 2006); *Kohler v. Bed Bath & Beyond,* No. CV 11-4451

27   RSWL (SPx), 2012 WL 424377 (C.D. Cal. Feb. 8, 2012); *Rush v. Abercombie,* 8:12-cv-00604-CJC-

28   MLG (Dkt.108) (C.D. Cal. Jul. 6, 2012).

JMBM | Jeffer Mangels
Butler & Mitchell LLP

ANSWER TO COMPLAINT
CASE No. 5:15-cv-00793-SJO (Ex)

1
2

**THIRD AFFIRMATIVE DEFENSE**

**(EQUIVALENT FACILITATION)**

3  3.  Defendants alleged that, at all times relevant to the Complaint, they made available

4 to Plaintiff, as well as other similarly situated disabled individuals, equivalent facilitations which

5 provide full and equal access to and within the Subject Property, including the parking lot and

6 restroom facilities of the Subject Property. *See* ADAAG § 2.3 (equivalent access) and 28 C.F.R.

7 36.402 (readily accessible to the maximum extent feasible); *Cherry v. City College of San*

8 *Francisco*, 2006 WL 6602454, at \*5-6 (N.D. Cal. January 12, 2006); *Kohler v. Islands Restaurants,*

9 *LP*, 280 F.R.D. 560, 567 (S.D. Cal. 2012).

10
11

**FOURTH AFFIRMATIVE DEFENSE**

**(LEGITIMATE BUSINESS PURPOSE)**

12  4.  Defendants allege Plaintiff's recovery in this action is barred because Defendants'

13 acts or omissions, as alleged in the Complaint, to the extent Defendants committed any acts or

14 omissions at all, were done in good faith reliance on validly issued building permits and a properly

15 issued Certificate of Occupancy, pursuant to reasonable business justifications and do not constitute

16 acts or omissions resulting in any discrimination against disabled persons or anyone else. *See*

17 *Harris v. Capital Growth Investors*, 53 Cal. 3d 1142, 1172 (1991); *Kohler v. Bed Bath & Beyond,*

18 No. CV 11-4451 RSWL (SPx), 2012 WL 424377 (C.D. Cal. Feb. 8, 2012); *Rush v. Abercombie*,

19 8:12-cv-00604-CJC-MLG (Dkt.108) (C.D. Cal. Jul. 6, 2012).

20
21

**FIFTH AFFIRMATIVE DEFENSE**

**(*DE MINIMIS* DEVIATIONS)**

22  5.  Defendants allege Plaintiff's Complaint as a whole, and the claims for relief

23 contained therein, fail to state a claim for relief as the alleged accessibility violations constitute *de*

24 *minimis* deviations from state or federal access laws, codes, regulations or guidelines or are within

25 construction tolerances. *Cherry v. City College of San Francisco*, 2006 WL 6602454 at \*5-6 (N.D.

26 Cal. January 12, 2006). Many or all of the alleged barriers to access identified by Plaintiff in the

27 Complaint fall within acceptable slopes and measurement dimensions, including the parking lot and

28 restroom areas of the Subject Property. *Kohler v. Bed Bath & Beyond,* No. CV 11-4451 RSWL

JMBM | Jeffer Mangels
Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

ANSWER TO COMPLAINT
CASE No. 5:15-cv-00793-SJO (Ex)

1    (SPx), 2012 WL 424377 (C.D. Cal. Feb. 8, 2012); *Rush v. Abercombie*, 8:12-cv-00604-CJC-MLG

2    (Dkt.108) (C.D. Cal. Jul. 6, 2012); *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 567 (S.D.

3    Cal. 2012); *Kohler v. Big 5*, 2012 WL 1511748, \*4.

4                         **SIXTH AFFIRMATIVE DEFENSE**

5                       **(STANDING-NO INJURY IN FACT)**

6        6.      Plaintiff has failed to properly plead why and how Plaintiff encountered any of the

7    alleged access barriers. Defendants allege Plaintiff lacks standing because Plaintiff failed to suffer

8    any injury-in-fact, and that Plaintiff failed to suffer an actual or imminent injury as required by

9    applicable law. *Solis v. Couturer* No. 08-02732-RRB, 2009 WL 3055207 at \*1 (E.D. Cal. Sept. 17,

10    2009). Plaintiff fails to allege how Plaintiff's disability was specifically affected by the alleged

11    violations so as to deny Plaintiff full and equal access. *Chapman v. Pier 1 Imports, Inc.,* 631 F. 3d.

12    939 (9th Cir. 2011).

13                      **SEVENTH AFFIRMATIVE DEFENSE**

14                        **(ARTICLE III STANDING)**

15        7.      Plaintiff lacks standing under the Article III and cannot establish a violation of Title

16    III of the ADA because Plaintiff is unable to show that Plaintiff: (1) is a qualified individual with a

17    disability within the meaning of the ADA; (2) was excluded from participation in or denied the

18    benefits of Defendants' services or products, or was otherwise discriminated against by Defendants;

19    (3) was excluded by reason of said disability; (4) suffered any injury-in-fact; and/or (5) suffers any

20    imminent threat of future harm. In particular, Defendants allege that the barriers complained of by

21    Plaintiff do not exist or will be immediately remediated and therefore do not present an imminent

22    threat of future harm. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

23                       **EIGHTH AFFIRMATIVE DEFENSE**

24                   **(NOT READILY OR LIKELY ACHIEVABLE)**

25        8.      Defendants allege any further action by Defendants to ensure no individual with

26    disabilities is excluded, denied services, or otherwise treated differently, would result in a

27    fundamental alteration of the nature of its business, is not technically feasible, or is not structurally

28    readily achievable. Defendants do not assert the affirmative defense of financial readily

JMBM   Jeffer Mangels Butler & Mitchell LLP

ANSWER TO COMPLAINT
CASE No. 5:15-cv-00793-SJO (Ex)

1  achievability in this action. *See* 28 CFR section 36.304(a); *Access Now, Inc. v. South Florida*
2  *Stadium Corp.*, 161 F.Supp.2d 1357, 1363 (S.D. Fla. 2001); 42 U.S.C. § 12182(b)(2)(A); 42 U.S.C.
3  § 12182(b)(2)(A)(ii).

4  ### NINTH AFFIRMATIVE DEFENSE

5  ### (FAILURE TO REQUEST REASONABLE ACCOMODATIONS)

6      9.    Plaintiff alleges that Defendants failed to modify their policies, practices and
7  procedures to serve Plaintiff, preferentially or otherwise. *See* Complaint at ¶¶ 28-30. However,
8  Plaintiff fails to allege that Plaintiff requested of Defendants any such modifications, that the
9  requested modifications were reasonable, and that Defendants failed to accommodate such requests.
10  Therefore, Plaintiff's claims are factually and legally unsupportable and such failure to request
11  reasonable modifications is an affirmative defense to this action. *See PGA Tour, Inc. v. Martin,* 532
12  US 661, 683 fn.38 (2001). *Anderson v. Ross Stores,* 2000 U.S. Dist. LEXIS 15487 (N.D. Cal.
13  2000).

14  ### TENTH AFFIRMATIVE DEFENSE

15  ### (FAILURE TO MITIGATE DAMAGES)

16      10.    Defendants are informed and believe, and based thereon allege, that Plaintiff's
17  claims for damages are barred by the doctrine of failure to mitigate damages. *See* Civ. Code section
18  55.56(h).

19

20  WHEREFORE, Defendants pray:
21      1.    That Plaintiff's Complaint be dismissed;
22      2.    That Plaintiff take nothing by reason thereof;
23      3.    That judgment be entered in favor of Defendants;
24      4.    That Defendants be awarded their attorneys' fees and costs of suit; and
25      5.    For such other and further relief as the Court deems just and proper.
26  ///
27  ///
28  ///

1   Date:  June 23, 2015

2   JEFFER MANGELS BUTLER & MITCHELL LLP
    MARTIN H. ORLICK
    MATTHEW S. KENEFICK
3   STUART K. TUBIS

4   By /s/ Martin H. Orlick
    MARTIN H. ORLICK, ESQ.
5   Attorney for Defendants Southern Pacpizza, LLC and
    J. Larry Fugate, Trustee of the J. Larry Fugate
6   Revocable Trust dated March 25, 2010

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT
CASE No. 5:15-cv-00793-SJO (Ex)

PRINTED ON
RECYCLED PAPER

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On June 24, 2015 I served the document(s) described as ANSWER OF DEFENDANTS OF PLAINTIFF'S COMPLAINT in this action addressed as follows:

**Scottlynn J. Hubbard, IV**
**Disabled Advocacy Groupm, APLC**
**12 Williamsburg Lane**
**Chico, CA 95926**

☐ (BY MAIL) True and correct copies of the aforementioned document(s) were deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at San Francisco, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)) Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s). On June 24, 2015, I checked the appropriate CM/ECF docket for this case or proceeding and determined that the aforementioned person(s) has/have consented to receive NEF transmission at the aforementioned electronic addresses.

☐ (BY FAX) The parties have consented in writing to receive service by facsimile transmission. On          , I transmitted the above-described document(s) by facsimile machine to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 (714) 429-8202 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached.

☐ (BY ELECTRONIC SERVICE) On          , I transmitted the aforementioned document(s) as PDF attachments to the aforementioned electronic notification address(es). The transmission originated from my electronic notification address, which is          , and was reported as complete and without error.

☐ (BY PERSONAL SERVICE) I placed the aforementioned document(s) in a sealed envelope and I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I placed the aforementioned document(s) in a sealed envelope with postage thereon fully prepaid and I caused said envelope to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on June 24, 2015 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*/s/ Suzi Bachan*
Suzi Bachan

ANSWER TO COMPLAINT
CASE No. 5:15-cv-00793-SJO (Ex)

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Mitchell LLP